**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY RAY AMATI, | No. 08-15685 |
| Petitioner - Appellant, | D.C. No. 04-CV-00138-PMP |
| v. | |
| JACKIE CRAWFORD, Nevada Attorney General, | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, District Judge, Presiding

Argued and Submitted February 12, 2010
San Francisco, California

Before: GOODWIN, BERZON and IKUTA, Circuit Judges.

The Nevada Supreme Court did not unreasonably apply clearly established

federal law as determined by the Supreme Court in holding that the "implied

malice" instruction provided to the jury was constitutional. *See Zant v. Stephens*,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

462 U.S. 862, 881 (1983); *see also Ficklin v. Hatcher*, 177 F.3d 1147, 1149–50 (9th Cir. 1999). Nor did the Nevada Supreme Court's determination that the prosecutor's statements that Amati "lied" were harmless constitute an unreasonable application of Supreme Court precedent. *See Darden v. Wainwright*, 477 U.S. 168, 181–82 (1986). Because there was no constitutional error at Amati's trial, there likewise was no cumulative constitutional error. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

We decline to grant a certificate of appealability for Amati's uncertified issues. *See* 9th Cir. R. 22-1(e); *Gonzalez v. Duncan*, 551 F.3d 875, 879 n.6 (9th Cir. 2008). Amati has not made a substantial showing of the denial of a constitutional right resulting from admission at trial of his statements made in the form of rap lyrics. *See* 28 U.S.C. § 2253(c)(2); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999). We may not disturb the Nevada Supreme Court's determination that Amati's statements were relevant under Nevada law. *See Estelle v. McGuire*, 502 U.S. 62, 68 n.2 (1991). In light of this determination, the Nevada Supreme Court's holding that the admission of these relevant statements did not violate Amati's First Amendment rights is not an unreasonable application of or contrary to Supreme Court precedent. *See Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993). "[T]he first amendment does not compel the exclusion of evidence simply because it consists of speech. If a defendant's words or his

silence are relevant to prove some issue in the case, they are admissible." *United States v. Barnett*, 667 F.2d 835, 844 (9th Cir. 1982).

The district court did not err in holding that Amati failed to exhaust a federal challenge to Jury Instruction No. 13, and Amati did not argue in district court that he should be excused from exhausting this claim because raising it in state court would have been futile. He has therefore waived his argument that he is excused from exhaustion. But even if we reached this argument, and even if futility could excuse Amati's failure to exhaust, Amati has not established such futility. The Nevada Supreme Court held that *Byford v. State*, 994 P.2d 700 (Nev. 2000), which ordered Nevada courts to cease using an instruction identical to Jury Instruction No. 13, applies to convictions that were "not yet final" at the time *Byford* was decided. *Nika v. State*, 198 P.3d 839, 850 (Nev. 2008). The Nevada Supreme Court issued *Byford* on February 28, 2000. *See* 994 P.2d at 700. Amati's judgment of conviction was entered on March 8, 2000. Amati has not pointed to any case, nor have we found any, establishing that his challenge to Jury Instruction No. 13 would be futile under such circumstances. Because Amati has failed to exhaust his claim in state court, we are precluded from addressing it here. *See* 28 U.S.C. §§ 2254(b)–(c).

**AFFIRMED.**

Amati v. Crawford   No. 08-15685

BERZON, J., concurring in part and dissenting in part:

I concur in the disposition with one exception:  I would grant the certificate of appealability with regard to the question whether introducing the rap lyrics for the purpose of proving that Amati committed the crime for which he was convicted violated Amati's constitutional rights.